STATE OF NORTH CAROLINA v. KIRK FURR.

(Filed 10 July 1968.)

**1. Searches and Seizures § 2—**

     In a prosecution for felonious breaking and entering and misdemeanor larceny, there was no error in admitting into evidence unexecuted copies

of the affidavit to a search warrant and the search warrant. itself, where (1) the defendant did not object to the admission of the copies on this ground, (2) the original warrant and affidavit were in the court files of an accomplice of the defendant and were easily accessible, and (3) the officer who identified the copies at the trial was the one who executed the original affidavit and served the warrant.

**2. Searches and Seizures § 3—**

Evidence tending to show that a search warrant directed that the premises of a named person be searched, and that an officer served: the warrant upon the named person at the address contained in the warrant and thereafter conducted the search of the premises which revealed a quantity of stolen items, *is held* not to disclose an illegal search.

APPEAL by defendant from *Martin, Harry C., J.,* 29 November 1967 Session BUNCOMBE Superior Court.

Defendant was charged in a bill of indictment with (1) felonious breaking and entering, (2) felonious larceny, and (3) felonious receiving of stolen property. Defendant entered pleas of not guilty to each of the three charges.

At the close of the State's evidence defendant's motion for judgment as of nonsuit was allowed as to the charge of receiving stolen property; and was also allowed as to the charge of felonious larceny. However, the motion was denied as to the charge of felonious breaking and entering, and the misdemeanor charge of larceny. Similar motions by the defendant made at the close of all the evidence were again denied.

The jury returned verdicts of guilty of felonious breaking and entering, and of guilty of the misdemeanor of larceny. From the verdicts and the judgments entered thereon, defendant appealed.

*T. W. Bruton, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State.*
*T. E. L. Lipsey, II, for defendant appellant.*

BROCK, J. The defendant assigns as error that the trial judge found that the affidavit for the search warrant, and the search warrant were in conformity with the requirements of the law.

The affidavit for the search warrant and the search warrant appear to be complete and amply adequate to satisfy the requirements of the law, and the defendant makes no argument in his brief to the contrary. Defendant's only argument under this assignment of error is addressed to the fact that an unexecuted copy of the affidavit and warrant were admitted in evidence in place of the original.

At the trial defendant made no objection to the copy being used instead of the original; the defendant objected, but specified that his

objection was upon other grounds. It appears clearly from the officer's testimony that the original of the affidavit and the warrant were in the file of an accomplice who was separately tried. Also, the officer who identified the copies was the same officer who actually executed the original of the affidavit and served the warrant; and he was clearly in position to verify that the copies were true copies. Had the defendant objected to the copies being used, the originals could have easily been secured from the accomplice's file at that time. It would not be proper to allow the defendant to raise this objection for the first time in this Court. Defendant's first assignment of error is overruled.

The defendant assigns as error that the trial judge allowed the officer who executed the affidavit for the search warrant, and who served the search warrant, to testify as to the fruits of the search.

The defendant argues that the search warrant was served on some unidentified person and therefore the search is not a valid search. The search warrant directed that the premises of Lloyd Phillips be searched. The officer testified that he served the warrant on Mr. Lloyd Phillips at the address contained in the warrant, and that he thereafter conducted the search of Mr. Phillips' premises which revealed a quantity of items allegedly taken from the premises which had been broken into; some of the items were found in defendant's suitcase which was in Mr. Phillips' house.

Defendant's second assignment of error is without merit.

In the trial we find

No error.

MALLARD, C.J., and PARKER, J., concur.